[Cite as *State ex rel. Jordan v. Adams*, 2016-Ohio-5340.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Michael Jordan, | : | |
| Relator, | : | |
| v. | : | No. 15AP-868 |
| Melissa Adams, Chief Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

---

## D E C I S I O N

### Rendered on August 11, 2016

---

**On brief:** *Michael Jordan,* pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Maureen C. Yuhas*, for respondent.

---

### IN MANDAMUS

LUPER SCHUSTER, J.

{¶ 1} Relator, Michael Jordan, has filed an original action requesting this court issue a writ of mandamus ordering respondent, Melissa Adams, chief of the Bureau of Sentence Computation, to adjust his prison release date by applying 138 days of jail-time credit to each of the three criminal convictions he was serving consecutively.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court deny relator's request for a writ of mandamus. No objections have been filed to that decision.

{¶ 3}   Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law.   In accordance with the magistrate's decision, we grant respondent's motion for summary judgment and deny relator's requested writ of mandamus.

*Summary judgment granted;*
*Writ of mandamus denied.*

DORRIAN, P.J., and BROWN, J., concur.

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Michael Jordan,                          :

        Relator,                                        :

v.                                                      :                        No.  15AP-868

Melissa Adams, Chief Bureau                            :                   (REGULAR CALENDAR)
of Sentence Computation,
                                                        :
        Respondent.
                                                        :

_____

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 11, 2016

_____

*Michael Jordan,* pro se.

*Michael DeWine*, Attorney General, and *Maureen C. Yuhas,* for respondent.

_____

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS
ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

{¶ 4}  In this original action, relator Michael Jordan, an inmate of the Marion Correctional Institution ("MCI"), requests a writ of mandamus ordering respondent Melissa Adams, Chief of the Bureau of Sentence Computation, to adjust the calculation of his prison release date by applying 138 days of jail-time credit to each of three criminal cases that were ordered to be served consecutively by the trial court.

Findings of Fact:

{¶ 5}  1. On September 16, 2016, relator, an MCI inmate, filed this original action against respondent, Melissa Adams, Chief of the Bureau of Sentence Computation.

{¶ 6}  2. Appended to the complaint are copies of three journal entries issued by the Cuyahoga County Court of Common Pleas ("common pleas court"), respectively in case Nos. CR-12-561199-A, CR-13-578366-A, and CR-13-578458-A. Each of the journal entries were issued on November 18, 2014 by the common pleas court. Each of the entries grants 138 days of jail-time credit as to each criminal case.

{¶ 7}  3. According to the complaint, respondent only credited one of the three criminal cases with 138 days of jail-time credit. That is, respondent did not credit all three of the sentences in the three criminal cases with the 138 days of jail-time.

{¶ 8}  4. In this action, relator requests that a writ of mandamus order respondent to adjust the calculation of his prison release date by crediting all three sentences with the 138 days of jail-time credit.

{¶ 9}  5. On December 11, 2015, respondent moved for dismissal of this action on grounds that the complaint allegedly fails to state a claim upon which relief in mandamus can be granted.

{¶ 10} 6. Also, on December 11, 2015, respondent moved for summary judgment. In support of summary judgment, respondent submitted an affidavit from Shannon Castlin executed December 8, 2015. The affidavit avers:

> [Two] I am currently employed by the Ohio Department of Rehabilitation and Correction ("ODRC") as a Correctional Records Sentence Computation Auditor with the Bureau of Sentence Computation ("BOSC"). My duties include interpreting official court documents and other related papers in the possession of the ODRC and calculating offenders' sentences and release dates.
>
> [Three] I created the attached sentence computation memorandum, dated September 23, 2015, for Inmate Michael Jordan (660-695) at the request of the Ohio Attorney General's Office. To create this computation memorandum, I reviewed BOSC's records pertaining to Inmate Jordan. The BOSC records are required by Ohio law

and are kept in the day-to-day operations of BOSC and ODRC.

{¶ 11} 7.  Appended to the Castlin affidavit is a memorandum from Castlin dated September 23, 2015 regarding inmate Michael Jordan. The memorandum is addressed to Linda Hill at the Attorney General's Office.  The memorandum states:

> Per your request, I have reviewed the sentence computation of the above-named inmate and can provide the following information.
>
> On August 19, 2014 inmate Jordan 660-695 was sentenced in Cuyahoga County Court on cases CR12561199, CR13578366 and CR13578458. He was convicted of 1 count of Theft F5 Ohio Revised Code 2913.02 on each case. He was sentenced to 9 months on each case to run consecutive for a total sentence of 2 years and 3 months.
>
> He was admitted into the Ohio Department of Rehabilitation and Corrections on August 25, 2014 and was given Inmate number 660-695. His sentence was calculated as 2 years and 3 months with 87 days of jail time credit, which was applied on case CR13578458.
>
> On 11-25-2014 our office received jail time credit granting 138 days on each case. Since cases are consecutive to each other credit was applied to case CR13578458 giving inmate Jordan a total of 225 days. Since the journal entries did not state additional or total we applied as additional and wrote a letter to the Judge for clarification. Inmate Jordan['s] certified release date is 4-11-2016.

{¶ 12} 8. Also appended to the Castlin affidavit are three sentencing entries issued by the common pleas court in the three criminal cases.  The sentencing entries provide that, in each case, relator shall serve a nine-month prison term to be served consecutively with the other sentences.

{¶ 13} 9. Also appended to the Castlin affidavit are three additional entries issued by the common pleas court in the three criminal cases.  Each entry provides that the relator shall be credited with 138 days of jail time.

{¶ 14} 10. On December 14, 2015, the magistrate issued an order that relator shall file his brief in opposition to respondent's motion to dismiss no later than

January 4, 2016.  Also on December 14, 2015, the magistrate issued notice that respondent's motion for summary judgment is set for submission to the magistrate on January 4, 2016.

{¶ 15} 11. On January 8, 2016, the magistrate granted relator's January 7, 2016 motion for an extension of time to file his brief in opposition to the motion to dismiss no later than January 14, 2016.  The magistrate also set the motion for summary judgment for submission to the magistrate on January 14, 2016.

{¶ 16} 12. Relator has not responded to the motion to dismiss or the motion for summary judgment.

Conclusions of Law:

{¶ 17} It is the magistrate's decision that this court grant respondent's motion for summary judgment.  By granting the motion for summary judgment, the motion to dismiss becomes moot.

{¶ 18} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor.  *Turner v. Turner*, 67 Ohio St.3d 337, 339-40 (1993); *Bostic v. Connor*, 37 Ohio St.3d 144, 146 (1988); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).  The moving party bears the burden of proving no genuine issue of material fact exists.  *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988).

{¶ 19} In effect, relator requests that this court ignore Ohio Adm.Code 5120-2-04(G)(2)(a).  Relator also seems to ignore that his three sentences of nine months each were ordered to be served consecutively.  As respondent here indicates, to grant relator the relief he seeks would in effect triple the 138 days of jail time such that relator would be credited with 414 days of jail time.  (Respondent's Memo in Support, 2.)  Clearly, relator is not entitled to the relief he seeks in this action.

{¶ 20} Accordingly, it is the magistrate's decision that this court grant respondent's motion for summary judgment.  It is further the magistrate's decision that this court declare moot respondent's motion to dismiss.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).